UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-HC-2066-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ARNETT THOMAS | ) | |
| | ) | |

On 5 July 2011, respondent was committed to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4246(d). This matter is now before the court on a letter submitted by respondent on 14 November 2014. (DE # 47.) In the letter, respondent requests that the court "dismiss my civil commitment order 4246." (DE # 47, at 1.)

Once an individual has been committed pursuant to 18 U.S.C. § 4246(d), there are only two methods by which that person may be deinstitutionalized. Under one method, the director of the facility in which the respondent is hospitalized may file a certificate with the court stating that the respondent is no longer in need of care:

> When the director of the facility in which a person is hospitalized pursuant to subsection (d) determines that the person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment.

18 U.S.C. § 4246(e). The other method by which a person may be deinstitutionalized is set forth in 18 U.S.C. § 4247(h):

> Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to [18 U.S.C. § 4246(e)], counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility . . . .

Here, respondent himself filed the motion. However, as demonstrated above, only the respondent's attorney[1] or guardian may formally request a hearing to determine whether the respondent should continue treatment in a psychiatric facility in the absence of a certificate from the director of the facility. The respondent himself may not make such a request *pro se*, nor may the district court conduct such a hearing *sua sponte*. See United States v. Hunter, 985 F.2d 1003, 1006 (9th Cir.), vacated as moot, 1 F.3d 843 (9th Cir. 1993); United States v. Logsdon, No. 06-10003-MLB, 2012 WL 359903, at *1 (D. Kan. Feb. 2, 2012); United States v. Nakamoto, 2 F. Supp. 2d 1289, 1290 (D. Haw. 1998). Thus, for the foregoing reasons, respondent's *pro se* motion for release, (DE # 47), is DENIED. Furthermore, to the extent that respondent seeks reconsideration of the court's 5 July 2011 commitment order, the motion is DENIED.

This 21 July 2015.

_____
W. Earl Britt
Senior U.S. District Judge

---

[1] Respondent is represented by the Office of the Federal Public Defender with regard to matters connected to his commitment.