IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-HC-2066-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ARNETT THOMAS | ) | |
| | ) | |
| | ) | |

On 5 July 2011, respondent was committed to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4246(d). This matter is now before the court on respondent's 25 January 2017 *pro se* motion to vacate judgment, and for discharge hearing pursuant to 18 U.S.C. § 4247(h). (DE # 54.) Respondent also asks the court to stay its ruling on his motion pending the decisions of the Fourth Circuit Court of Appeals in United States v. Leak, 5:14-HC-2166, and United States v. Black, 5:15-HC-2180.

Respondent has not proffered any legal authority to support staying this case pending the appeal of two unrelated actions in this district. The court will not stay this case pending resolution of the appeals Leak and Black. Accordingly, respondent's motion to stay is DENIED.

As to respondent's motion to vacate judgment, respondent requests that his civil commitment be vacated on the ground that the court violated his right to due process by failing to follow the requisite procedures for commitment hearings outlined in 18 U.S.C. §§ 4246(c) and 4247(d). (See DE #54, at 2.) The record indicates that respondent was lawfully committed pursuant to the requirements of due process and § 4247(d). See United States v. Bean, 373 F.3d 877, 880–81 (8th Cir.2004) (finding a committed person was afforded reasonable

opportunity for hearing consistent with due process and § 4247(d) prior to being committed to custody where he was represented by counsel at hearing and allowed to testify, although no other witnesses were called to testify; noting this court has expressly refused to second-guess by hindsight tactical decisions made by attorneys); see also 18 U.S.C. § 4247(d) (stating that at a hearing, a person shall be afforded opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at hearing). Additionally, the plain language of § 4247(h) permits only the respondent's attorney or guardian to formally request a hearing to determine whether the respondent should be discharged under § 4247(h).[1] To the extent that respondent seeks reconsideration of the court's commitment order, the motion is DENIED. Furthermore, to the extent that respondent seeks a discharge hearing, the motion is DENIED.

This 29 March 2017.

_____
W. Earl Britt
Senior U.S. District Judge

---

[1] Respondent is represented by the Office of the Federal Public Defender with regard to matters connected to his commitment. Respondent identifies Pam Thomas as his legal guardian within the motion. However, he filed this motion *pro se* on his own behalf.